UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MATHIS,
    Plaintiff,

No. 1:10-cv-87

-v-

HONORABLE PAUL L. MALONEY

NANCY LANGE,
    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Ronald Mathis, a prisoner under the control of the Michigan Department of Corrections (MDOC), initiated this civil rights action under 42 U.S.C. § 1983. Defendant Nancy Lange is the Health Unit Manager at the facility where Plaintiff resides. Plaintiff generally complains of a lack of treatment after surgery was performed on his little finger, a violation, he alleges, of the Eighth Amendment. Defendant filed a motion for summary judgment (ECF No. 6.) Plaintiff filed a response. (ECF No. 9.) The magistrate judge reviewed the motion and issued a report recommending Defendant's motion be granted. (ECF No. 22.) The magistrate judge concludes Plaintiff failed to properly exhaust his administrative remedies and recommends the complaint be dismissed without prejudice. Plaintiff objects. (ECF No. 27.)

### STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide

*de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## ANALYSIS

The magistrate judge correctly concludes Plaintiff failed to properly exhaust his administrative remedies. Plaintiff's objections do not undermine the conclusions in the report and recommendation. Having reviewed the complaint, the motion and response, and supporting documents, as well as the report and recommendation and objection, the Court finds the magistrate judge's proposed finding of facts to be an accurate account of the indisputable facts. In the initial grievance, Plaintiff did not properly identify the attempts he made to resolve the issue prior to filing the grievance. Plaintiff's explanation of those attempts in his Step II appeal, the telephone calls, were not attempts to resolve the grievance, as the evidence in the record shows. The record shows Plaintiff never identified any attempt to resolve the issue in the grievance after his February 9 appointment was cancelled. The magistrate judge's reasoning in the discussion portion of the report

is sound and well-supported.[1]

The Court also finds the magistrate judge correctly outlined the legal standards applicable to the affirmative defense of failure to exhaust remedies. Plaintiff's interpretation of the exhaustion doctrine is not supported by the authority cited.

For these reasons, **IT IS HEREBY ORDERED:**

1. The report and recommendation (ECF No. 22) is **ADOPTED**, over objections, as the opinion of this Court;

2. Defendant's motion for summary judgment (ECF No. 6) is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.


Date:  March 25, 2011                              /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge

---

[1] Plaintiff's failure to name Defendant Lange in the grievance would be another, distinct basis for dismissing this action. The fact that Plaintiff was seen by health care approximately 26 times after his injury further undermines Plaintiff's cause of action.